IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOESEPH REAVES,<br>           Plaintiff, | :<br>:<br>: |
| v. | :   Civ. No. 12-301 |
| MICHAEL WENEROWICZ, et al.<br>           Defendants. | :<br>:<br>:<br>: |

## O R D E R

Petitioner Joseph Reaves has filed *pro se* Objections to the Magistrate Judge's Report and Recommendation regarding his Petition for habeas relief. *(Doc. Nos. 1, 24, 26)*; 28 U.S.C. § 2254. I will overrule Petitioner's Objections, deny his request for an evidentiary hearing, approve and adopt the Report and Recommendation, and deny his Petition and his Motion for Summary Judgment. *(Doc. Nos. 26, 24, 1, 13.)*

### I.     FACTUAL BACKGROUND

On April 4, 1988, Petitioner pled guilty in Pennsylvania state court to rape, robbery, kidnapping, aggravated assault, and involuntary deviant sexual intercourse. *(Doc. No. 1 at 4.)* On July 28, 1988, Petitioner was sentenced to an aggregated term of 22 ½ to 90 years incarceration. On May 26, 2010, the Pennsylvania Board of Probation and Parole granted Petitioner parole, subject to his entry into a Community Corrections Residency and compliance with the Residency's rules. *(Doc. No. 8, Ex. C at 1-2.)* Petitioner could not be accepted into a CCR unless the Parole Board approved a "Home Plan" proposed by Petitioner. The Parole Board required as part of any Home Plan that Petitioner reside more than 1000 feet from any school or school bus stop. Petitioner has remained incarcerated because he has been unable to gain entry to a

Residency or receive approval for a Home Plan.

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on January 19, 2012, arguing, *inter alia*, that his continued detention violates: (1) the Constitution's *Ex Post Facto* Clause, (2) his guilty plea agreement (Petitioner's "breach of contract" claim), (3) the Due Process Clause, and (4) the Equal Protection Clause. *(Doc. No. 24 at 3.)* He also alleged that prison officials' failure to respond to several of his request slips and their subsequent retaliations violated the Eighth Amendment. Petitioner filed a Motion for Summary Judgment on April 24, 2012. *(Doc. No. 13.)* On June 26, 2012, the Magistrate Judge filed a Report and Recommendation, concluding that the Petition and Motion for Summary Judgment should be denied in their entirety. *(Doc. No. 24.)*

Petitioner has objected to each of the Magistrate Judge's conclusions. *(Doc. No. 26.)*

## II. STANDARD OF REVIEW

I must review *de novo* those portions of the Report and Recommendation to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I can "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id.

As to those portions to which no objections have been filed, I need only "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (discussing district court's responsibility "to afford some level of review" when no objections have been filed).

### III. OBJECTIONS

#### A. *Ex Post Facto Clause*

Petitioner argues that the Parole Board violated the *Ex Post Facto* Clause by (1) rejecting Petitioner's proposed Home Plans because they provided that he would reside within 1000 feet of a school or school bus stop, and (2) requiring sex offenders to go to Community Correction Residency. In response, the Parole Board eventually submitted full reports of each denied Home Plan, some of which were placed under seal to protect confidences made to parole officers.

The Magistrate Judge concluded that the 1000 foot requirement contravened the *Ex Post Facto* Clause because it was adopted after November 13, 1987, the date of Petitioner's crimes. The Magistrate Judge also concluded, however, that the *Ex Post Facto* Clause was not implicated because the Parole Board rejected Petitioner's Home Plans for reasons other than the 1000 foot condition. Finally, the Magistrate Judge concluded that "Parole Board policies in effect in 1987 [support] the conclusion that the equivalent of CCRs existed in 1987." *(Doc. No. 24 at 9 n.6.)* Accordingly, the CCR requirement was not an *Ex Post Facto* Clause violation.

Petitioner objects to these conclusions, arguing that the Parole Board's sole basis for rejecting the 705 Second Street Home Plan was the 1000 foot condition. *(Doc. No. 26 at 3, 5-6.)* Petitioner infers from this *ex post facto* violation that the 1000 foot condition was the Parole Board's basis for denying the 516 Grier Street Home Plan that is under seal. Finally, Petitioner argues that because the Parole Board did not implement the CCR requirement until after 1987, it violates the *Ex Post Facto* Clause. Petitioner also argues the Magistrate Judge did not address his claim that the supervision fee requirement also violates the *Ex Post Facto* Clause.

*Home Plans Objections*

Petitioner argues that the Investigation Report for 705 Second Street shows a violation of the *Ex Post Facto* Clause because the Parole Board's only basis for denying the Plan was the proposed residences' proximity to the bus stop and children. *(Doc. 26 at 3.)* Petitioner infers from that violation that the sealed report for 516 Grier Street also makes out an *Ex Post Facto* Clause violation.

Having reviewed the Investigation Reports and sealed explanations, I agree with the Magistrate Judge that each denial was based on valid reasons other than the 1000 feet condition. For instance, Home Plans were rejected because the proposed residence could not inspected or was not amendable to electronic monitoring. I agree with the Magistrate Judge that the *Ex Post Facto* Clause was not violated. Petitioner's objections are thus overruled.

*Sex Offender Program*

Petitioner objects to the Magistrate Judge's conclusion that the Parole Board's policies in 1987 included the imposition of "enhanced supervision" of sex offenders through "Community Service Centers" – the legal equivalent of the current CCR requirement imposed on Petitioner. He argues that because specialized CCRs for sex offenders were not implemented until 2008, requiring him to live in a CCR violates the *Ex Post Facto* Clause. *(Doc. No. 26 at 6.)* Upon review of the submitted affidavits and 1987 Parole Board policies, I agree with the Magistrate Judge. Accordingly, I overrule Petitioner's objection.

*Supervision Fees*

Petitioner also claims that the Magistrate Judge did not consider the supervision fees requirement when she determined that there was no *ex post facto* violation. Petitioner argues that

supervision fees did not exist in 1987, and the Parole Board's denial of a proposed Home Plan due to his inability to pay the supervision fees violates the *Ex Post Facto* Clause. *(Doc. No. 26 at 8.)* My analysis for this issue mirrors my analysis for the Home Plans section. The Parole Board's denials did not violate the *Ex Post Facto* Clause because the inability to pay supervision fees was hardly the only reason that the Parole Board denied Petitioner's proposed Home Plans. *(See, Doc. No. 26, Ex. B (listing inability to pay phone services, food, fines, costs, restitution as other reasons the Home Plan was denied).)*

Accordingly, I overrule Petitioner's objection respecting supervision fees.

### B. *Breach of Plea Agreement*

Petitioner notes that the Magistrate Judge properly concluded that the Parole Board's imposition of the 1000 foot requirement violated the *Ex Post Facto* Clause. Petitioner thus argues that the Parole Board's 1000 foot requirement contravened the terms of his guilty plea agreement because it was illegal. *(Doc. No. 1 at 17.)* The Magistrate Judge concluded that because Petitioner never provided her with the plea agreement, she could not determine if it was violated. She also ruled that the Parole Board was not bound by the plea agreement and so could not breach it. *(Doc. No. 24 at 6.)*

I agree with the Magistrate Judge. Without the agreement, no court can determine if it was violated. It is undisputed, however, that the Parole Board was not a party to the agreement. Because the Parole Board thus was not bound by the guilty plea agreement, it did not breach it. See Harper v. Thomas, Civ. No. 07-647, 2007 WL 2713246, *5 n.8 (E.D. Pa. September 17, 2007) (Parole Board cannot be bound unless it was a party to the agreement); Bryant v. Thomas, Civ. No. 07-811, 2007 WL 1650532, *3 n.4 (E.D. Pa. May 8, 2007) (same). In any event, because I have determined that the Parole Board denied Petitioner's Home Plans for reasons

other than the 1000 foot requirement, there could have been no violation of the plea agreement. Accordingly, I overrule Petitioner's objection.

C. *Due Process*

Petitioner alleges that his Fourteenth Amendment Due Process rights were violated because the Parole Board breached his plea agreement. *(Doc. No. 1 at 23.)* The Magistrate Judge recommended dismissing this claim for the reasons I have already discussed. *(Doc. No. 24 at 11).*

As I have discussed, because the Parole Board was not a party to the plea agreement, it could not breach the agreement. Without a breach, Petitioner's due process rights were not violated through the plea agreement. See, e.g., Dunn v. Colleran, 247 F.3d 450, 461 (3d Cir. 2001); Bonner v. Ercole, 409 Fed. App'x 437, 438 (2d Cir. 2010).

D. *Eighth Amendment*

Petitioner alleges that when his family complained of the 1000 foot condition, the Parole Board retaliated by denying Petitioner's proposed Home Plans in violation of the Eighth Amendment. Petitioner also contends that prison officials violated the Eighth Amendment by failing to respond to his request slips. The Magistrate Judge noted that Petitioner explicitly abandoned his request slip argument (in his Reply to the Government's Answer), and she also rejected it on the merits. She did not address Petitioner's retaliation claims. Petitioner objects to the Magistrate Judge's actions.

I agree that Petitioner explicitly denied that he was alleging that prison officials failed to respond to his request slips. *(Doc. No. 12 at 11.)* Accordingly, his objection to the Magistrate Judge's conclusion is overruled.

I also reject Petitioner's retaliation claim. "As a threshold matter, a plaintiff-prisoner in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); see, Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). If Petitioner can satisfy this burden, his retaliation claims will fail if the Commonwealth is able "to prove by a preponderance of the evidence that it would have taken the same [] action even in the absence of the protected activity." Smythe v. Digugielmo, 2007 U.S. Dist. LEXIS 75187 at *19 (E.D. Pa. Oct. 10, 2007) (quoting Rauser, 241 F.3d at 333).

Although Petitioner alleges that constitutionally protected activity, the only evidence of retaliation is the Parole Board's rejection of his proposed Home Plans. As I have discussed, because the Parole Board rejected the Home Plans for appropriate reasons, there is sufficient evidence that the Commonwealth would have taken the same action even in the absence of complaints about the 1000 foot condition. Accordingly, Petitioner's objection is overruled.

### E. *Equal Protection*

Petitioner claims that he was subjected to intentional, invidious discrimination in violation of the Equal Protection Clause because he was a violent sex offender. *(Doc. No. 1 at 8-9.)* The Magistrate Judge held that Petitioner could prevail only on a "class of one" theory of liability because he did not raise race, religion, or the exercise of a constitutionally protected right. *(Doc. No. 24 at 11.)* The Magistrate Judge concluded that Petitioner's class of one theory of liability failed because he did not identify similarly situated individuals who received different treatment. *(Id. at 12.)* Petitioner objects, alleging that he raised race in his Petition.

I agree with the Magistrate Judge. It is apparent that Petitioner has never asserted that his allegedly disparate treatment was based on his race.

I also agree with the Magistrate Judge's rejection of Petitioner's claims under a class of one theory of liability. When a plaintiff does not allege membership in a protected class or group, the Equal Protection Clause may allow a cause of action for a "class of one." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Petitioner must demonstrate that he was "intentionally treated differently from other from others similarly situated and that there [was] no rational basis for the difference in treatment." Id. at 564.

I agree with the Magistrate Judge that Petitioner is situated similarly to "sex offenders with adult victims, who committed their crimes before 1996, were granted parole after 1996 and were released on parole despite having home plans, for example, which called for residing within 1000 feet of a school or school bus stop." *(Doc. No. 24 at 12.)* Petitioner has not presented any evidence that he was treated differently than this group.

Accordingly, I overrule Petitioner's objections and adopt the Magistrate Judge's recommendation regarding Petitioner's Equal Protection claim.

### F. *Fair Housing Act*

Petitioner correctly notes that the Magistrate Judge did not to address his claim that the Parole Board's 1000 foot requirement for his Home Plans violated the Fair Housing Act. *(Doc. No. 26 at 15.)* The Act makes it unlawful for any person to refuse to sell or "otherwise make unavailable a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604 (1988). Petitioner's claim is not cognizable under the Fair Housing Act, because the Parole Board rejected his Home Plans for reasons other than his "race, color, religion, sex, familial status, or national origin." I overrule Petitioner's objection.

## IV. EVIDENTIARY HEARING

Petitioner has not shown that an evidentiary hearing is necessary to rule on his myriad claims or objections. 28 U.S.C. § 2254(e)(2); Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000) (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998)) (court has discretion to refuse to hold an evidentiary hearing where the petitioner "'failed to forecast any evidence beyond that already contained in the record' that would help his cause, 'or otherwise to explain how his claim would be advanced by an evidentiary hearing.'"). William v. Beard, 637 F.3d 195 (if an evidentiary hearing would not have the potential to advance the petitioner's claim, the hearing would not be meaningful). Accordingly, I deny his request for an evidentiary hearing.

## V. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner's Motion for Summary Judgment includes the same contentions as his Petition for Writ of Habeas Corpus. *(Doc. No. 13.)* I agree with the Magistrate Judge that none of the claims is meritorious or warrants the entry of summary judgment in Petitioner's favor.

## VI. CONCLUSION

Upon careful consideration of the Petition, the Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

AND NOW, this 13th day of December, 2012, it is ORDERED that:

(1) Petitioners' Objections to the Report and Recommendation *(Doc. No. 26)* are **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation *(Doc. No. 24)* is **APPROVED** and **ADOPTED**;

(3) Petitioner's Request for an Evidentiary Hearing is **DENIED**;

(4) The Petition for Writ of Habeas Corpus *(Doc. No. 1)* is **DENIED**;

(5) Petitioner's Motion for Summary Judgment *(Doc. No. 13)* is **DENIED**;

(6) There is no basis for the issuance of a certificate of appealability.

(7) The Clerk's Office shall close this case for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.